QUESTION:
What type of change is contemplated by the term `any change in the form of government' as that term is used in s. 166.021(4), F. S.?
SUMMARY:
The phrase `any change in the form of government' in s.166.021(4), F.S., contemplates a change in the allocation of the basic policymaking and administrative functions of municipal government (as from a strong mayor form to a city manager form). Amendments to municipal charter provisions adopted prior to July 1, 1973, the effective date of the Municipal Home Rule Powers Act, may be made by ordinance if such changes do not affect the basic organizational and administrative structure of the municipality's government (and if such changes do not fall within any of the other excluded areas — such as rights of municipal employees — set forth in s. 166.021[4].) Charter provisions adopted or readopted subsequent to the effective date of the Municipal Home Rule Powers Act may be amended only pursuant to s. 166.031, F. S.
In previous opinions of this office construing the Municipal Home Rule Powers Act (part I, Ch. 166, F. S.), we have noted that provisions of municipal charters and special acts which were in effect on July 1, 1973, and which constituted limitations on municipal power or which pertained exclusively to the power or jurisdiction of a municipality were nullified and repealed or converted into ordinances by subsections (4) and (5) of s.166.021. (See, for example, AGO's 074-371 and 075-176.) However, as was stated in AGO 075-176, s. 166.021(4) also `states that nothing in Ch. 166, id., is to be construed as permitting any changes in a special law or municipal charter which affect certain subject matters enumerated therein without approval by referendum of the electors as provided in s. 166.031, id.' One of the subject matters so enumerated in s. 166.021(4) is `any change in the form of government' of a municipality.
There is no elaboration in Ch. 166, F. S., as to what constitutes a `change in the form of government,' nor has that language been previously construed in any opinion of this office or in any appellate decision of which I am aware. However, in 2 McQuillenThe Law of Municipal Corporations s. 9.12, p. 643, the following is set forth under the heading `forms of municipal government':
 A rough classification of form of organization (each class presenting characteristic features) would include (1) the mayor-and-council, or what is commonly called the aldermanic or councilmanic; (2) the autocratic mayor as the chief power in city government with the council having little real authority; (3) the commission plan; (4) (a slight modification of the last) the city or commission-manager plan; (5) division of powers into executive, legislative and judicial, incorporating the system of so-called checks and balances in like manner as the national and state governments and creating independent departments, often mentioned as `the federal plan'; and (6) when executive or administrative powers are exercised by various departments or boards it is sometimes called `the board system.'
I am of the opinion that the term `form of government,' as used in s. 166.021(4), was intended to refer to one of the basic organizational forms as exemplified in the above quotation and that the referendum requirement regarding changes in the form of government is not invoked unless there is a change from one basic form to another (e.g., from strong mayor form to city manager form). Thus, any contemplated change in a charter provision which was in existence on July 1, 1973, should be examined in the context of its effect on the basic form of government under which the municipality operates and should be considered in light of other changes which might be made at the same time. (Even though none of a number of changes — when considered alone — would constitute an actual change in the basic form of organization and overall distribution of powers, a number of such changes, when made at the same time and considered together, could effect a transfer of powers so substantial as to have the effect of changing the municipality's `form of government,' thereby requiring a referendum.)
If a change is to be made only in regard to the internal, administrative operations of a municipality (such as the reallocation of duties among various appointed officers or department heads or the reorganization of municipal departments) and there is no alteration of the basic distribution of policymaking and administrative functions, there would be no `change in the form of government' as contemplated by s.166.021(4), F. S. Thus, such a change could be effected by ordinance, as to a charter provision in effect on the effective date of the Municipal Home Rule Powers Act, July 1, 1973. (Any charter provision adopted or readopted subsequent to the effective date of the Municipal Home Rule Powers Act can be amended only in accord with the provisions of s. 166.031, F. S. See AGO 075-223.)
Prepared by: Jerald S. Price Assistant Attorney General